**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MELISSA CUDWORTH,**
o/b/o **K.D.,**

                      **Plaintiff,**                  8:13-cv-361
                                                                      (GLS/ESH)
                **v.**

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,

                      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of Mark A. Schneider<br>57 Court Street<br>Plattsburgh, NY 12901 | MARK A. SCHNEIDER, ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Syracuse, NY 13261<br><br>Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | ELIZABETH D. ROTHSTEIN<br>Special Assistant U.S. Attorney |

**Gary L. Sharpe
Chief Judge**

                                    **MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Melissa Cudworth o/b/o K.D. challenges defendant Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1] (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed June 20, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 14.) Pending are Cudworth's objections to the R&R. (Dkt. No. 15.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[2]

On January 18, 2011, Cudworth filed an application for SSI under the Social Security Act ("the Act") on behalf of her minor daughter. (Tr.[3] at 57, 105-10.) After her application was denied, Cudworth requested a hearing before an Administrative Law Judge (ALJ), which was held on March 1, 2012. (*Id.* at 31-56, 58-63, 67-69.) On March 23, 2012, the ALJ issued a

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) of Title 42 applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 11, 12, 14.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-4, 7-30.)

Cudworth commenced the present action by filing a complaint on April 1, 2013, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending the Commissioner's decision be affirmed. (*See generally* Dkt. No. 14.)

### III. **Standard of Review**

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an

3

objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

Cudworth purports to object to the R&R on five grounds. Specifically, she asserts that Judge Hines: (1) "incorrectly defined and applied the substantial evidence test"; (2) failed to give sufficient weight to the treating sources; (3) improperly applied the law regarding credibility determinations; (4) erred in determining that K.D.'s severe impairments do not functionally equal a listing under 20 C.F.R. § 416.926a; and (5) failed to liberally apply the Act. (Dkt. No. 15, Attach. 1 at 2-5.) The substance of the first four arguments, however, was previously raised in Cudworth's brief and considered and rejected by Judge Hines. (Dkt. No. 11 at 15-38; Dkt. No. 14 at 5-24.) These "objections," therefore, are general and do not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at *4.

Cudworth's final argument is wholly conclusory. (Dkt. No. 15, Attach. 1 at 3-4.) According to Cudworth, because the Act is to be liberally applied, and because it is uncontroverted that K.D. was hospitalized for herpes

4

encephalopathy and suffers continued limitations from such impairment, Judge Hines should have, at least, remanded the case for further development of the record. (*Id.*) Contrary to Cudworth's argument, "whether there is substantial evidence supporting the [claimant]'s view is not the question," instead, the court must "decide whether substantial evidence supports *the ALJ's decision.*" *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d. Cir. 2013). "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted). Stated another way, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014); *see Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In this case, the ALJ found that K.D. had less than marked limitations in the functional domains of acquiring and using information and health and physical well-being, and that K.D. had no limitation in the remaining domains of attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for oneself. (Tr.

at 13-26); *see* 20 C.F.R. § 416.926a(b)(1).  As the ALJ acknowledged, some record evidence does indicate that K.D.'s herpes meningitis caused difficulties with respect to the first two of these domains, but there was still a sound foundation for the ALJ's conclusion that these limitations were not "marked," *i.e.*, that they did not "interfere[ ] seriously with [K.D.'s] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).  Accordingly, for the reasons articulated by Judge Hines, the court finds that the decision of the ALJ is free from legal error and supported by substantial evidence.

B.  **Remaining Findings and Conclusions**

Having addressed Cudworth's specific objection *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' June 20, 2014 Report and Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and

Cudworth's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 29, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court